UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOLOMON STEVENS,

        Plaintiff,

vs.                       Case No. 2:03-cv-103-FtM-29SPC

SECRETARY, DOC, MARTA VILLACORTA, R. O'CONNOR, R. JONES, M.D. KING, THOMAS O. WHITMORE, J. CROY, L. KIRKLAND, and G. WILLIAMS,

        Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court upon Defendants Whitmore, O'Connor and King's Amended Motion to Dismiss ("Defendants' Motion," Doc. #32) filed July 5, 2005. Defendants' Motion incorporates by reference Defendants' Motion to Dismiss (Doc. #22) filed October 5, 2005 and Defendants' Reply to Plaintiff's Motion for Order (Doc. #30) filed June 23, 2005[1]. Defendants seek dismissal of Plaintiff's Complaint (Doc. #1) on the following grounds: (1) that the doctrine of res judicata bars Plaintiff's claim; (2) that actions brought under 42 U.S.C. Section 1983 cannot be brought against the States, their agencies or subdivisions, or their employees acting in their official capacities; (3) that the Complaint fails to plead any cause of action; and (4) that the Complaint fails to attribute any actions against Defendants

---

[1] The Court has also examined the allegations in Plaintiff's Complaint as to Defendants Crosby, Villacorta, Jones, Croy, Kirkland and Williams upon whom service has not been effectuated.

Whitmore, O'Connor and King.  The Court twice ordered Plaintiff to file a response to Defendants' Motion (See Orders of Court dated June 30, 2004 and October 6, 2005, Doc. #11 and #35, respectively), and permitted Plaintiff an extension of time to file his response (See Order of Court dated December 1, 2005, Doc. #41).  Plaintiff filed a response to Defendants' Motion (Doc. #45) on December 21, 2005.  This matter is now ripe for review.

**I.**

Plaintiff, an inmate incarcerated within the Florida penal system proceeding *pro se,* filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint" Doc. #1).  Plaintiff alleges a litany of state and federal constitutional violations stemming from the alleged loss or destruction of one box of Plaintiff's personal property  while Plaintiff was at DeSoto Correctional Institution.  Plaintiff claims the missing box contained Plaintiff legal documents.  Plaintiff names the following persons as Defendants: James Crosby, the former Secretary of the Department of Corrections; Marta Villacorta, Regional Director of the Department of Corrections; R. O'Connor, Warden at DeSoto Correctional; R. Jones and M.D. King, Assistant Wardens at DeSoto Correctional; Thomas O. Witmore, Colonel at DeSoto Correctional; L. Kirkland, Sargent at DeSoto Correctional; G. Williams, Educational Supervisor at DeSoto Correctional; and J. Croy, Colonel at DeSoto Correctional

According to the Complaint, Plaintiff delivered five boxes

-2-

containing legal materials to Defendant Kirkland for storage on
June 17, 2000.  On March 27, 2001, Plaintiff was summoned to the
library by the librarian and advised that Defendant King, the
Warden at DeSoto, had ordered all property moved from the property
room at the captain's office and brought to the library storage
room.  Plaintiff was further advised that he needed to breakdown
his boxes due to storage concerns.  Plaintiff complained to the
librarian that his "legal boxes" were moved "without his knowledge
and that [Plaintiff] was going to file on it."  Complaint, page
10[2].  Plaintiff then proceeded to retrieve his legal boxes from the
library storage room and noticed that he was missing one box.
Plaintiff attaches to his Complaint a copy of his Inmate Impounded
Personal Property dated June 17, 2000 stating that Plaintiff placed
into storage  five "boxes of legal" property.  Complaint, page 25.
As relief Plaintiff seeks $250,000 for "irreparable damages to my
legal box of documents . . . and for physical and mental anguish
caused to the Plaintiff due to officials' misconduct and their
negligence in losing or destroying legal materials."  Complaint,
Section VIII, page 14.

## II.

In deciding a motion to dismiss, the Court must accept  well
pleaded factual allegations in a complaint as true and take them in

---

[2]

All references to page numbers are to the page number for the document as
found on the Court's official court electronic document filing system ("ECF").

the light most favorable to plaintiffs.  Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2003).  A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc).  To satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed.  Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).  However, the Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases which involve individuals entitled to assert qualified immunity.  Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004), citing Leatherman v. Tarrant County, 507 U.S. 163 (1993).  The heightened pleading standard is not otherwise applicable.

## III.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  To state a

claim under 42 U.S.C. § 1983, plaintiff must allege that (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11th Cir. 1998); <u>U.S. Steel, LLC v. Tieco, Inc.</u>, 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. <u>Marsh v. Butler County, Ala.</u>, 268 F.3d at 1059; <u>Swint v. City of Wadley, Ala.</u>, 51 F.3d 988 (11th Cir. 1995); <u>Tittle v. Jefferson County Comm'n</u>, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a §1983 action. <u>Mondell v. Dep't of Social Services</u>, 436 U.S. 658, 690-692, 98 S.Ct. 2018, 2036 (1978); <u>Quinn v. Monroe County</u>, 330 F.3d 1320, 1325 (11th Cir. 2003); <u>Farrow v. West</u>, 320 F.3d 1235 (11th Cir. 2003).

## IV.

### A. Doctrine of Res Judicata:

Defendants argues that Plaintiff previously sought identical relief in an action filed in the United States District Court for the Middle District of Florida, Tampa Division, Case No. 8:03-cv-1140-T-26MSS. That action was dismissed *sua sponte* by that Court as being without merit and frivolous in an Order dated June 3, 2003. The Eleventh Circuit entered an Order on September 15, 2005

finding Plaintiff's appeal to be frivolous. Consequently, Defendants argue that the doctrine of *res judicata* bars Plaintiff's current action. The Court disagrees.

The doctrine of *res judicata* bars a subsequent lawsuit that attempts to re-litigate matters that could have been litigated in the earlier suit. <u>Hughes v. Lott</u>, 350 F.3d 1157 (11th Cir. 2003). The court's dismissal in Case No. 8:03-cv-1140-T-26MSS based upon §1915(d) was not a dismissal with prejudice. A dismissal without prejudice is not an adjudication on the merits and is thus does not have *res judicata* effect. <u>Hughes v. Lott</u>, <u>Id</u>. at 1161 (citing <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 396 (1990). Additionally, Plaintiff's case *sub judice* arises out of the apparent loss or destruction of Plaintiff's legal materials sometime in 2001 while he was incarcerated at DeSoto Correctional Institution. In contrast, Plaintiff's claim in Case No. 8:03-cv-1140-T-26MSS arose out of incident that took place on or about October 29, 2002 and resulted in the alleged destruction of Plaintiff's personal property while he was at Hardee Correctional Institution. Consequently, the same cause of action is not before the Court. <u>Schafler v. indian Spring Maintenace Ass'n</u>, 139 Fed.appx. 147 (11th Cir. 2005); <u>Gissendanner v. Crosby</u>, 2005 WL 3133468 (M.D. 2005). Accordingly, the Court will deny Defendants' Motion to Dismiss based upon the doctrine of *res judicata*.

**B.   Official Capacity Claims:**

The Complaint does not specify whether plaintiff intends to sue the named persons individually or in their official capacities, or both.  Accordingly, the Court will construe the  Complaint as suing the persons in both their individual and official capacities. E.g., Hobbs v. Roberts, 999 F.2d 1526 (11th Cir. 1993).

The Eleventh Amendment precludes certain suits by citizens against their own States in federal court.  Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 67 (1996); Miccosukee Tribe of Indians of Fla. v. Florida State Athletic Comm'n, 226 F.3d 1226, 1231 (11th Cir. 2000).  Eleventh Amendment immunity applies unless Congress validly abrogates that immunity or the state waives the immunity and consents to be sued.  Miller v. King, 384 F.3d 1248, 1268 (11th Cir. 2004); Carr v. City of Florence, 916 F.2d 1521, 1524 (11th Cir. 1990).  It is well established that Congress did not intend to abrogate a state's Eleventh Amendment immunity in § 1983 damage suits.  Quern v. Jordan, 440 U.S. 332, 340-45 (1979); Cross v. State of Ala., 49 F.3d 1490, 1502 (11th Cir. 1995). Additionally, Florida has not waived its sovereign immunity or consented to be sued in damage suits brought pursuant to § 1983. Gamble v. Florida Dep't of Health & Rehab. Serv., 779 F.2d 1509, 1513 (11th Cir. 1986); Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986); Schopler v. Bliss, 903 F.2d 1373, 1379 (11th Cir. 1990).

Eleventh Amendment immunity extends only to state agencies and officials, not to independent entities such as counties or municipalities. Miccosukee Tribe, 226 F.3d at 1231. A "state" for Eleventh Amendment purposes includes state agents and state instrumentalities, Vierling v. Celebrity Cruises, Inc., 339 F.3d 1309, 1314 (11th Cir. 2003); Shands Teaching Hosp. and Clinics, Inc. v. Beech St. Corp., 208 F.3d 1308, 1311 (11th Cir. 2000), and state officials sued in their official capacities. McMillian v. Monroe County, 520 U.S. 781, 785 n.2 (1997). Further, the Eleventh Amendment protects an entity which was acting as an "arm of the state" even if not labeled a "state officer" or "state official." Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003)(en banc). It is undisputed that each of the named Defendants are employees within the Florida Department of Corrections, a state agency. Accordingly, any claims brought against Defendants in their official capacities are dismissed.

The Eleventh Amendment, however, does not preclude suits in federal courts against state officials in their individual capacities. Jackson v. Georgia Dep't of Transp., 16 F.3d 1573, 1575 (11th Cir. 1994). Thus, to the extent that Plaintiff's Complaint is brought against Defendants alternatively in their individual capacities, the Eleventh Amendment is inapplicable.

### C.   Failure to State a Claim

Liberally construing the Complaint, it appears that Plaintiff is alleging that his Due Process and First Amendment rights were

violated because a box of Plaintiff's legal documents were misplaced or destroyed while he was confined at DeSoto Correctional Institution.   The Court finds that Plaintiff has failed to state a cause of action with respect to his due process claim. The alleged destruction of Plaintiff's property, whether done negligently or intentionally or recklessly, does not present a violation of the Fourth Amendment or the Due Process Clause of the United States Constitution.   See <u>Parratt v. Taylor</u>, 451 U.S. 527 (1981); <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984).   "Under the <u>Parratt-Hudson</u> doctrine, a random and unauthorized deprivation does not violate procedural due process if the state provides an adequate post-deprivation remedy." <u>Carcamo v. Miami-Dade County</u>, 2004 WL 1445527 (11th Cir. June 29, 2004) (citing <u>Zinermon v. Burch</u>, 494 U.S. 113, 132 (1990)).   Plaintiff has not alleged that Florida law has provided an inadequate post-deprivation remedy.   "Before seeking a remedy for an alleged due process violation in federal court, a plaintiff is obliged to avail itself of state remedies or show that the state deprived it of redress." <u>T & A Utilities v. City of Panama City</u>, No. 5:96CV97/SMN, 1997 WL 151045, *4, 10 Fla.L. Weekly Fed. D. 484 (N.D. Fla. 1997) (citing <u>Tinney v. Shores</u>, 77 F.3d 378, 382 (11th Cir. 1996); <u>McKinney v. Pate</u>, 20 F.3d 1550, 1557 (11th Cir. 1994), <u>cert</u>. <u>denied</u>, 513 U.S. 1110 (1995) (en banc)) (footnote omitted).   Any claim that Plaintiff's property was disposed of without due process of law is barred by <u>Parratt</u> and <u>Hudson</u>.   <u>See</u> <u>also</u> <u>Carcamo v. Miami-Dade County</u>, 2004 WL

1445527 (11ᵗʰ Cir. June 29, 2004); Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991); Byrd v. Stewart, 811 F.2d 554, 555 (11th Cir. 1987) (per curiam).

With respect to an access to court claim, Plaintiff must allege that his "fundamental right of access to the courts in order to attack his sentence or to challenge the conditions of his confinement" were  impaired or obstructed by the prison officials' actions.  Lewis v. Casey, 518 U.S. 343, 351 (1996)(citing  Bounds v. Smith, 430 U.S. 817, 821, 828 (1977)); Knight v. Jacobson, 300 F.3d 1272,  1275 (11th Cir. 2002); Bass v. Singletary, 143 F.3d 1442 (11th Cir. 1998).  Plaintiff does not provide the Court with any factual specifics as to how he has been injured by the apparent loss or destruction of his legal documents.  Rather, Plaintiff vaguely makes the following references in his Complaint and in the documents attached to his Complaint that he has sustained an injury with respect to the loss or destruction of his legal materials: "I am being hindered from gaining access to the court." Complaint, page 11; make officials "locate my legal box so I can prepare my habeas corpus;" Letter to Marta Villacorta dated February 18, 2002, attached to Plaintiff's Complaint, page 20; "This legal box that is missing has all my important papers in it that I need to prepare my legal documents to file into the court;" Grievance dated July 9, 2001, attached to Plaintiff's Complaint, page 23; "I am being damagingly hindered from gaining access to the court." Grievance dated June 11, 2001, attached to Plaintiff's Complaint, page 24.

-10-

At the pleading stage, the Court may "not dismiss an 'access to court claim based upon a failure to allege actual injury.'" Hyland v. Parker, 2006 WL 10058 (11th Cir. 2006)(quoting Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998). In Hyland, the Eleventh Circuit found that the district court's sua sponte dismissal of plaintiff's access to court claim on the basis that plaintiff has failed to demonstrate an actual injury was erroneous and an abuse of discretion. The Circuit Court pointed out that a plaintiff at the summary judgment stage would be required to present evidence of the harm he allegedly suffered and could not at that point merely rely on allegations of harm. The Court finds that Plaintiff's claim that the destruction or loss of his legal files hindered his ability to bring a habeas action sufficiently states an access to court claim. The Court will therefore deny Defendants' Motion to Dismiss Plaintiff's Complaint for failure to state a claim.

**C.   Motion to Dismiss Based on Complaint Failure to Attribute Actions Against Defendants Whitmore, O'Connor and King**

While the Complaint adequately states an access to court claim, it is clear that certain of the named Defendants did not in any way directly participate in the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir.) cert. denied 500 U.S. 933 (1990). The following is a summation of the allegations against the various Defendants:

    Defendant Whitmore:

-11-

Plaintiff filed an informal grievance in January 2002 with Colonel Whitmore and spoke with Mr. Whitmore regrading the missing boxes. Colonel Whitmore advised Plaintiff that he would look into the matter. Plaintiff claims Colonel Whitmore never responded to his grievance. Complaint, page 12.

Defendant King, Assistant Warden, DeSoto Correctional:
Mr. King ordered that all inmate storage boxes be moved form the captains office and stored in the library's legal storage area. Complaint, page 10.

Defendant O'Connor, Warden, DeSoto Correctional:
On May 10, 2001 Plaintiff filed a formal grievance to Mr. O'Connor. The May 10, 2001 grievance was responded to by Assistant Warden King, who denied Plaintiff's grievance. Complaint, page 9. Plaintiff also filed a second grievance dated May 21, 2001 to Mr. O'Connor. The May 21, 2001 grievance was responded to by Assistant Warden Jones. Complaint, page 11.

Defendant Jones, Assistant Warden, DeSoto Correctional
Mr. Jones responded to Plaintiff's May 21, 2001 grievance to Warden O'Connor and denied Plaintiff's grievance. Complaint, page 11.

Defendant Croy,
Colonel Croy responded to Plaintiff's April 18, 2001 grievance to Inspector Williams "refusing to address the grievance and rectify the problem when he had the authority to do so." Complaint, page 10.

Defendant Crosby, Sec. Department of Corrections
Plaintiff filed a formal grievance to Mr. Crosby, which was responded to and denied by Mr. McAllister. Complaint, page 11. A copy of the grievance is attached to Plaintiff's Complaint, page 24.

Defendant Villacorta, Regional Director
Plaintiff filed a formal "complaint" with Ms. Villacorta that was denied. Complaint, page 12. A copy of the "complaint" is attached to Plaintiff's Complaint, page 18.

Defendant G. Williams, Educational Supervisor
Plaintiff wrote a grievance to Mr. G. Williams dated May 11, 2001. Mr. Williams in response to the grievance stated that he "moved all legal stored materials from the captain's office to the library on March 16, 2001 at the

-12-

order of the Warden, Mr. O'Connor." Further Mr. Williams
stated that "On Monday, March 19, 2001, Sgt. Kirkland
arrived at the library with 4 boxes of legal materials
belonging to [Plaintiff]." Mr. Williams acknowledged that
"I stored [the legal boxes] in the library storeroom.
Sgt. Kirkland had his clerk help him deliver the
material, and I had to unlock the library to store it, as
the library was closed that day. There was only 4 boxes
not 5."  A copy of the grievance is attached to
Plaintiff's Complaint, page 28.

Defendant L. Kirkland
Plaintiff initially delivered 5 boxes of legal document
to Mr. Kirkland on July 17, 2000. Plaintiff was advised
by Mr. Beard, the librarian, and Mr. Williams, the
educational supervisor, that Defendant Kirkland delivered
4 of Plaintiff's legal boxes to the library.  Defendant
Kirkland denied that he delivered any of Plaintiff's
boxes to the library. Complaint, page

With respect to all Defendants, Plaintiff states that "all
officials has the authority to rectify the problem, but had refused
to do so and had conspired to cover up officials' misconduct."
Complaint, page 13.

The Court recognizes that a pro se complainant is
disadvantaged in ascertaining the proper legal entity against whom
to bring his claim.  See Brown v. Sikes, 212 F.3d 1205 (11th Cir.
2000).  Nonetheless, the Court does not find that the alleged
actions of Defendants Crosby, Villacorta, O'Connor, Jones, King,
Whitmore, Croy or Williams' actions are sufficiently causally
related to the alleged constitutional violations claimed by
Plaintiff. Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th
Cir. 2001)(en banc). Although personal participation is not
specifically required for liability under 42 U.S.C. § 1983, there
must be some causal connection between the defendant named and the

injury allegedly sustained.  Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991).  Only Defendant Kirkland is alleged to have handled Plaintiff's legal boxes, both  initially and when they were moved.

Moreover, Plaintiff's claim that any of Defendants improperly denied his grievances or failed to adequately address his objections relating to the loss or destruction of his legal documents fails to state a § 1983 claim.  See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (finding that prison officials who were not involved in an inmate's termination from his commissary job, and whose only roles involved the denial of administrative grievances or the failure to act, were not liable under § 1983 on a theory that the failure to act constituted an acquiescence in the unconstitutional conduct), cert. denied, 530 U.S. 1264 (2000).  It is clear that Defendants O'Connor, Reed and King did not in any way handle Plaintiff's legal boxes.

Additionally, Plaintiff cannot sustain a claim against Defendants James Crosby, the Secretary of the Department of Corrections, Marta Villacorta, Regional Director of the Department of Corrections, R. O'Connor, Warden at DeSoto Correctional, or R. Jones and M.D. King, Assistant Wardens at DeSoto Correctional on the basis of their respective supervisory positions.  These Defendants' supervisory positions, without more, does not subject them to liability.  Monell v. Dep't of Social Services, 436 U.S. 658, 690-692, (1978);  McDowell v. Brown, 392 F.3d 1283 (11th Cir.

-14-

2004); <u>LaMarca v. Turner</u>, 995 F.2d 1526, 1538 (11th Cir. 1993), <u>cert</u>. <u>denied</u>, 510 U.S. 1164, 114 S.Ct. 1189 (1994).  Nor does Plaintiff's Complaint contain any allegations of a policy, custom or practice that was the "moving force" behind the alleged misconduct.  <u>Board of County Commissioners v. Brown</u>, 117 S.Ct. 1382, 1388 (1997); <u>McDowell v. Brown</u>, 392 F.3d 1283 (11th Cir. 2004); <u>see</u> <u>also</u> <u>Jones v. Cannon</u>, 174 F.3d 1271, 1292 (11th Cir. 1999).

The Court, in viewing the facts alleged in the light most favorable to Plaintiff, concludes that no relief could be granted against Defendants Crosby, Villacorta, O'Connor, Jones, King, Whitmore, Croy and Williams under any set of facts that could be proved consistent with the allegations in Plaintiff's §1983 Complaint.  <u>Lewis v. City of St. Petersburg</u>, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984)).  Thus, Plaintiff has failed to state a cognizable claim under §1983 and Plaintiff's Complaint will be dismissed against these Defendants.

Consequently, Plaintiff's Complaint remains pending against Defendant Kirkland only.  The Court notes that the attempt by the U.S. Marshal to effectuate personal service upon Defendant Kirkland have been unsuccessful. <u>See</u> Doc. #14.  While the Court is responsible for assisting *pro se* litigants proceeding *in forma pauperis* with service of process, when a plaintiff fails to provide

the Court with valid addresses for the defendants, the Court cannot meet this responsibility.  *See* 28 U.S.C. §1915(d).  The Court is also responsible for seeing that its limited resources are allocated in a way that promotes the effective and efficient administration of the judicial system.  If Plaintiff wishes to pursue litigation against Defendant Kirkland, Plaintiff must endeavor to find a new address for him and complete a new Form USM-285 for the U.S. Marshal's Office to attempt service at the new address.  **The necessary forms will be provided by the Clerk's Office.**

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Defendants Whitmore, O'Connor and King's Amended Motion to Dismiss (Doc. #32) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED without prejudice** as against Defendants Whitmore, O'Connor and King.

2.   Plaintiff's Complaint is **DISMISSED without prejudice** as against Defendants Crosby, Villacorta, Jones, Croy and Williams for failure to state a claim upon which relief can be granted.

3.   Plaintiff's Complaint remains pending against Defendant Kirkland only.

4.   The **Clerk of Court** shall  enter judgment dismissing this action against all Defendants, except Defendant Kirkland, and shall correct the caption of this action to reflect these dismissals.

The Clerk of the Court shall also provide plaintiff with a new Form USM-285.

5.   Plaintiff shall complete and return the  Form USM-285 for service of process by the U.S. Marshal at the new address for Defendant Kirkland within **TWENTY (20) DAYS.**

6.   Plaintiff's failure to respond timely to this Court Order or explain his inability to respond will result in the dismissal of Defendant Kirkland without prejudice for Plaintiff's failure to execute service of process pursuant to Fed. R. Civ. P. 4(m).

**DONE AND ORDERED** in Fort Myers, Florida, on this   27th   day of March, 2006.


_____
JOHN E. STEELE
United States District Judge



SA:   hmk
Copies: All Parties of Record

-17-