```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

SOLOMON STEVENS,

                    Plaintiff,

vs.                             Case No.   2:03-cv-103-FtM-29SPC

SECRETARY, DEPT. OF CORRECTIONS, MARTA VILLACORTA, R. O'CONNOR, R. JONES, M.D. KING, THOMAS O. WHITMORE, J. CROY, L. KIRKLAND, G. WILLIAMS,

                    Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court upon Defendant Kirkland's Motion to Dismiss (Doc. #57), filed July 25, 2006. Plaintiff twice was directed to file a response to Defendant's Motion (Docs. #11 and #61). As of the date of this Order, Plaintiff has failed to file any response to Defendant's Motion. This matter is now ripe for review.

**I.**

Plaintiff, an inmate incarcerated within the Florida penal system proceeding *pro se,* filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint" Doc. #1) alleging Due Process and First Amendment claims in connection with the apparent destruction or loss of a box of Plaintiff's legal documents. In its Opinion and Order dated March 27, 2006 (Doc. #48), the Court: 1) dismissed Plaintiff's claims for monetary damages brought against all Defendants in their official capacities; 2) dismissed Plaintiff's Due Process claim against all Defendants; and, 3) dismissed

Plaintiff's Complaint without prejudice against Defendants the Secretary, Department Of Corrections, Marta Villacorta, R. O'Connor, R. Jones, M.D. King, Thomas O. Whitmore, J. Croy, and G. Williams.  On March 28, 2006, Judgment was entered consistent with the Court's March 17, 2006 Order (Doc. #49).  Consequently, the sole claim remaining before the Court is Plaintiff's First Amendment access to court against Defendant Kirkland in his individual capacity.  Defendant Kirkland moves for dismissal of Plaintiff's Complaint on the grounds that the Complaint fails to meet the heightened pleading standard necessary to overcome the doctrine of qualified immunity.  For the reasons set forth herein, the Court agrees.

**II.**

In deciding a motion to dismiss, the Court must accept well pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiffs.  Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2003).  A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*).  To satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a complaint must simply

give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

However, the Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases which involve individuals entitled to assert qualified immunity. Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)). The heightened pleading standard is not otherwise applicable. In particular, "the complaint must allege the relevant facts with some specificity." Gonzalez, 325 F.3d at 1235 (internal quotations omitted). "'[M]ore than mere conclusory notice pleading is required . . . [A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.'" Id. (quoting Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984)). Rather, a complaint must "include the specific, non-conclusory allegations of fact that will enable the district court to determine that those facts if proved, will overcomes the defense of qualified immunity." Id. (quoting Veney v. Hogan, 70 F.2d 917, 922 (6th Cir. 1995)). Unsupported conclusions of law or of mixed law and fact in a complaint will not be accepted by the court. Marsh, 268 F.3d at 1036 n.16. Additionally, the court affords "official conduct a presumption of legitimacy."

-3-

Gonzalez, 325 F.3d at 1235 (quoting United States Dep't of State v. Ray, 502 U.S. 164, 179 (1991)).

**III.**

According to the Complaint, on June 17, 2000, Plaintiff gave Defendant Kirkland five boxes containing legal materials to be placed into the property room. Plaintiff attaches to his Complaint a copy of his Inmate Impounded Personal Property receipt dated June 17, 2000 which states that Plaintiff placed five "boxes of legal" property into storage. On March 27, 2001, Plaintiff was asked to report to the library and was told by the jail librarian that the Warden had ordered all property moved form the property room at the captain's office and brought to the library storage room. Plaintiff was directed to breakdown his boxes of documents due to storage concerns. When Plaintiff went to the library storage room to retrieve his boxes, he noticed that one box was missing. Plaintiff was advised by Mr. Williams, the Educational Supervisor, that "on Monday, March 19, 2001, Sergeant Kirkland arrived at the library with 4 boxes of legal materials belonging to [Plaintiff]." Mr. Williams further told Plaintiff that "I stored [the legal boxes] in the library storeroom. Sergeant Kirkland had his clerk help him deliver the material, and I had to unlock the library to store it, as the library was closed that day. There was only 4 boxes not 5." Plaintiff's Complaint, p. 28. Defendant Kirkland told Plaintiff that "the legal work was moved on a day that [Kirkland] was not here." Further, Defendant Kirkland confirmed

that pursuant to Plaintiff's request Kirkland "checked all of [his] storage areas" and did not locate any of Plaintiffs' legal documents. Id. at p. 11.

### IV.

"While qualified immunity is typically addressed at the summary judgement stage of the case, the defense may be raised and considered on a motion to dismiss; the motion will be granted if the 'complaint fails to allege the violation of a clearly established right.'" Chesser v. Sparks, 248 F.3d 1117 (11th Cir. 2001)(citations omitted). Whether a defendant is entitled to the protections of qualified immunity "should be resolved at the earliest possible stage in the litigation." Dalrymple v. Reno, 334 F.3d at 991, 994 (11th Cir. 2003)(citing Hunter v. Bryant, 502 U.S. 224, 227 (1991)).

"To receive qualified immunity, the government official must first prove that [he] was acting within [his] discretionary authority." Dalrymple, 334. F.2d at 995 (citing Vineyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002)). If the official proves he was acting in his discretionary authority, the Eleventh Circuit then employs the two-part test established by the Supreme Court in Saucier v. Katz, 533 U.S. 194, 201, (2001):

> The Court must first ask the threshold question whether the facts alleged, taken in the light most favorable to the plaintiffs, show that the government official's conduct violated a constitutional right. If the complaint alleges a violation of a constitutional right, the court must determine

-5-

> whether that right was clearly established at
> the time of the violation.

Dalrymple, 334. F.2d at 995.

Here, it is clear and undisputed that Defendant Kirkland was acting at the direction of the Warden while handling Plaintiff's boxes of documents; and, thus was acting within his discretionary authority.  Consequently, the burden shifts to Plaintiff to show that Defendant Kirkland is not entitled to qualified immunity. Defendant Kirkland argues that the Complaint does not sufficiently allege any conduct by Defendant Kirkland that gives rise to a First Amendment access to court violation, yet alone allege that Defendant Kirkland knowingly violated any of Plaintiff's constitutional rights.  The Court agrees.

In order to state an access to court claim, Plaintiff must allege that his "fundamental right of access to the courts in order to attack his sentence or to challenge the conditions of his confinement" were impaired or obstructed by the prison officials' actions. Lewis v. Casey, 518 U.S. 343, 351 (1996)(citing Bounds v. Smith, 430 U.S. 817, 821, 828 (1977)); Knight v. Jacobson, 300 F.3d 1272, 1275 (11th Cir. 2002); Bass v. Singletary, 143 F.3d 1442 (11th Cir. 1998).  The factual allegations in the Complaint, even if not evaluated under the heightened pleading standard, are inadequate to state a First Amendment access to court claim against Defendant Kirkland.  At most, the Complaint *infers* that Defendant Kirkland may have negligently misplaced Plaintiff's box of

documents. This is insufficient to state a cause of action, and is too speculative and conclusory to survive Defendant's Motion to Dismiss.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendant Kirkland's Motion to Dismiss (Doc. #57) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall: 1) enter judgment accordingly; 2) terminate any pending motions; and 3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___31st___ day of August, 2006.

*[signature: John E. Steele]*
JOHN E. STEELE
United States District Judge

SA:   hmk
Copies: All Parties of Record